UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CURTIS RICHARDSON,

    Petitioner,

v.    Case No. 3:20-cv-556-MMH-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

### I. Status

Petitioner Curtis Richardson, an inmate of the Florida penal system, initiated this action in the United States District Court for the Northern District of Florida on May 28, 2020,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[2] The assigned judge transferred the action to the Middle District of Florida on June 4, 2020. See Order (Doc. 4). In the Petition, Richardson challenges a 2011 state court (Duval County, Florida) judgment of conviction for second-degree murder and possession of a firearm by a convicted felon. He raises three grounds for relief.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

See Petition at 3-6. Respondents have submitted a memorandum in opposition to the Petition, arguing that the action is untimely. See Response (Doc. 16). They also submitted exhibits. See Docs. 16-1 through 16-14. Richardson notified the Court that he did not intend to file a reply, but instead would rely on the allegations and claims stated in the Petition. See Notice (Doc. 18). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondents contend that Richardson has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). See Response at 5-7. The following procedural history is relevant to the one-year limitations issue. On September 27, 2010, the State of Florida charged Richardson by information with second-degree murder (count one) and possession of a firearm by a convicted felon (count two). Doc. 16-1 at 23-24. Richardson entered a guilty plea to both charges on September 7, 2011. Id. at 45-46. That same day, the

3

circuit court sentenced Richardson to a thirty-five-year term of imprisonment as to count one and a concurrent fifteen-year term of imprisonment as to count two. Id. at 51-58. Richardson did not file a timely direct appeal but did petition the First District Court of Appeal (First DCA) for a belated direct appeal. Doc. 16-2 at 2-3. The First DCA ultimately granted the petition for belated appeal. Doc. 16-3 at 3-4. On May 13, 2013, the First DCA per curiam affirmed Richardson's conviction and sentence, Doc. 16-6 at 4, and on June 10, 2013, issued the mandate, id. at 3.

As Richardson's conviction and sentence became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Florida Rule of Appellate Procedure 9.030(a)(2), Richardson's conviction and sentence became final when the time for filing a petition for certiorari review in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). The time for Richardson to file a petition for writ of certiorari expired on Monday, August 12, 2013 (ninety days after May 13,

4

2013).[3] See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision). Accordingly, Richardson had until August 12, 2014, to file a federal habeas petition. He did not file the instant Petition until May 28, 2020. Therefore, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

Richardson initially tolled the running of the one-year limitations period when he filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on June 20, 2013, within the ninety-day window to seek certiorari review of his direct appeal with the United States Supreme Court. Doc. 16-7 at 5-22. The circuit court denied the Rule 3.850 motion on June 22, 2017, id. at 191-204, and Richardson pursued an appeal. On June 12, 2018, the First DCA dismissed the appeal for failure to prosecute. Doc. 16-9 at 4.

The one-year limitations period began to run the next day, June 13, 2018, and ran for 48 days until July 31, 2018, when Richardson filed a motion to

---

[3] The ninety-day period ended on Sunday, August 11, 2013; therefore, the period continued to run until Monday, August 12, 2013. See Fed. R. Civ. P. 6(a)(1)(C).

5

reinstate the appeal,[4] Doc. 16-11 at 2-3. The First DCA reinstated the appeal on September 6, 2018. Doc. 16-9 at 4. Subsequently, on June 11, 2019, the First DCA per curiam affirmed the circuit court's denial of the Rule 3.850 Motion, Doc. 16-14 at 3, and, on July 9, 2019, issued the mandate, id. at 2. The one-year limitations period began to run again the next day, July 10, 2019, and ran for 317 days until it expired on Thursday, May 21, 2020. Richardson filed the instant Petition on May 28, 2020. Therefore, the Petition is untimely filed based on the record, and due to be dismissed unless Richardson can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented

---

[4] Respondents appear to concede that Richardson's motion to reinstate the appeal constituted a tolling motion. See Response at 6. As such, for purposes of its analysis, the Court also assumes that the motion tolled the one-year limitations period.

6

timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet, 853 F.3d at 1221 (quotations and citation omitted). The burden is on Richardson to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). Here, Richardson simply has not met the burden of showing that equitable tolling is warranted. Because he has not shown a justifiable reason why the dictates of the one-year limitations period should not be applied to him, the Petition is untimely. As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### IV. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Richardson seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). To make this substantial showing, Richardson "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED**:

1. The Petition (Doc. 1) and this case are **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close this case.

3. If Richardson appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of August, 2023.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 8/7
c: Curtis Richardson, #J24058
   Counsel of record

9